Ronald Earl Geiger
c/o Prisoner No. 13282-006
U.S. Penitentiary Victorville
P.O. Box 5500
Adelanto, California 92301



FILED
DEC 1 2 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____
Deputy

## UNITED STATES DISTRICT COURT

### DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. A96-00108 CR (JWS) |
| Plaintiff, | JUDICIAL NOTICE OF AMENDMENT OF 28 U.S.C. § 2255 MOTION PURSUANT TO RULE 15, & RULE 12(b)(1), FEDERAL RULES OF CIVIL PROCEDURE |
| vs. | |
| RONALD EARL GEIGER, | |
| Defendant. | Judge: John W. Sedwick |

**COMES NOW:** Ronald Earl Geiger, the "Defendant" in the above captio-ned action and submits the attached amended motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.

Defendant hereby amends the pleading pursuant to Rule 15(a), (c) & (d), Federal Rules of Civil Procedure (FRCP) and Rule 12(b)(1) for lack of subject-matter jurisdiction, which can be raised at any time, see, e.g., **Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc**. 583 F.2d 426, 430 n.5 (9th Cir. 1978), for the purposes of curing pleading deficiencies and to raise unadjudicated claims of lack of subject-matter jurisdiction, because there is no magistrate judge jurisdiction and lack of federal subject-matter jurisdiction. Neither the district court nor theCourt of Appeals can dismiss Defendant's pleading based on a magistrate judge's recommendations. See, e.g., **United States v. Colacurcio**, 84 F.3d 326, 330 (9th Cir. 1996). As the U.S. Supreme Court recently held in comparing magistrate judge misdemeanor criminal juris-diction with civil jurisdiction:

(1)

328 A

...[18 U.S.C. § 3401(b)](allowing magistrate judges to preside over misdemeanor trials only if the defendant "expressly consents... in writing or orally on the record"). A distinction is thus being made between consent simple, and consent expressed in a "specific written request." And although the specific referral procedures in 28 U.S.C. § 636(c)(2) [28 U.S.C. § 636(c)(2)] and Federal Rule of Civil Procedure 73(b) are by no means just advisory, the text and structure of the section as a whole suggests that a defect in the referral to a full-time magistrate judge under § 636(c)(2) does not eliminate that magistrate judges "civil jurisdiction" under § 636(c)(1) so long as the parties have in fact voluntarily consented.... Fn.5

Footnote 5 in relevant part provides:

... Certainly, notification of the right to refuse the magistrate judge is a prerequisite to any inference of consent so that aspect of § 636(c)(2)'s protection is preserved.... **Roell v. Withrow**, 155 L.Ed.2d 775, 784 & FN.5 (2003)

Because lack of subject matter jurisdiction can be raised at any time and the magistrate judges lacked subject-matter jurisdiction, and because the district court based it's dismissal of Defendant's § 2255 motion of Magistrate JUdge John D. Roberts' recommendations, the district court has not yet entertained Defendant's § 2255 Motion, and pursuant to Ruel 15(c), FRCP, this pleading relates back to the Defendant's September 9, 2002 pleading.

Respectfully Submitted,

Date: December 7, 2005

*Ronald Earl Geiger*

Ronald Earl Geiger

AO 243 (Rev. 2/95)

### MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN FEDERAL CUSTODY

(If movant has a sentence to be served in the future under a federal judgment which he or she wishes to attack, the movant should file a motion in the federal court which entered the judgment.)

### MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

*Explanation and Instructions—Read Carefully*

(1) This motion must be legibly handwritten or typewritten, and signed by the movant under the penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt, motion will be filed if it is in proper order. No fee is required within this motion.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7) When the motion is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

(8) Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

AO 243 (Rev. 2/95)

| UNITED STATES DISTRICT COURT | District District of Alaska | |
|---|---|---|
| Name of Movant Ronald Earl Geiger | Prisoner No. 13282-006 | Case No. A96-0108 CR (JWS) |
| Place of Confinement U.S. Penitentiary Victorville, P.O. Box 5500, Adelanto, California 92301 | | |

UNITED STATES OF AMERICA      V.      RONALD EARL GEIGER

(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack  United States District Court, District of Alaska

2. Date of judgment of conviction  November 11, 1997

3. Length of sentence  Life Plus 30 Years

4. Nature of offense involved (all counts)  Mailcious destruction of a vehicle in violation of 18 U.S.C. § 844(i); Using and carrying a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1); Possession of a destructive device in violation of 26 U.S.C. § 5861(c)

5. What was your plea? (Check one)
   (a) Not guilty        ☒☒
   (b) Guilty            ☐
   (c) Nolo contendere   ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

   _____

   _____

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury        ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐        No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒        No ☐

AO 243 (Rev. 2/95)

9.  If you did appeal, answer the following:

(a) Name of court __Court Of Appeals for the Ninth Circuit__

(b) Result _____ __Conviction Affirmed__

(c) Date of result __August 31, 2001__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

Yes ☒      No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court __Court of Appeals for the Ninth Circuit__

(2) Nature of proceeding __Appeal for the lack of an evidentiary hearing__

(3) Grounds raised __District Court failed to provide Defendant with an evidentiary hearing__

before __allowing prosecution to use confession at trial.__

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐      No ☒

(5) Result __Appeals Court ordered evidentiary hearing, district court has not yet conducted__

(6) Date of result __October 27, 1998__

(b) As to any second petition, application or motion give the same information:

(1) Name of court __NA__

(2) Nature of proceeding __NA__

(3) Grounds raised _____ __NA__

AO 243 (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐        No ☐      N/A

(5) Result _____ N/A

(6) Date of result _____ N/A

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.          Yes ☐        No ☐      N/A
(2) Second petition, etc.         Yes ☐        No ☐      N/A

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N/A

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

Caution:    If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e)  Conviction obtained by a violation of the privilege against self–incrimination.

(f)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g)  Conviction obtained by a violation of the protection against double jeopardy.

(h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i)  Denial of effective assistance of counsel.

(h)  Denial of right of appeal.

A.  Ground one: Defendant's trial, conviction and sentence are void because they are based on magistrate judge findings of fact, conclusions of law, procedural orders, reports and recommendations made without magistrate Judge Jurisdiction.

Supporting FACTS (state *briefly* without citing cases or law)

Magistrate Judge A. Harry Branson conducted Defendant's arraignment, bail hearing(s), pre-trial suppression motion proceedings, issued all pretrial procedural orders, made all pre-trial findings of fact, conclusions of law, reports and recommendations, which were adopted by District Court Judge John W. Sedwick to control procedures and introduction of evidence at trial. Magistrate Judge A. Harry Branson lacks felony criminal jurisdiction (see page 5a).

B.  Ground two: Ninth Circuit Court of Appeals decision, Case No. 97-30356, October 27, 1998, is grounded on a manifest mistake and is void for lack of magistrate Judge jurisdiction, which deprives the Appeals Court of appellate jurisdiction.

Supporting FACTS (state *briefly* without citing cases or law)  Ground One is hereby incorporated by reference as if fully restated and reiterated herein. The Appeals Court lacked appellate jurisdiction because Magistrate Judge A. Harry Branson conducted all felony pretrial proc-eedings, issued all pretrial procedural orderd, made all findings of fact, conclusions of law, reports and recommendations, without felony criminal jurisdiction, which district court adopted and based its trial procedures, proceedings and conviction.

C.  Ground three: The post-trial evidentiary hearing is void because it was conducted by Magistrate judge A. Harry Branson without felony criminal jurisdiction.

Supporting FACTS (state *briefly* without citing cases or law)  Grounds One and Two are hereby incorporated by reference as if fully restated and reiterated herein. All post-trial pre-evidentiary hearing procedural proceedings and the post-trial evidentiary hearing were conducted by Magistrate Judge A. Harry Branson without felony criminal jurisdiction. Magistrate Judge A. Harry Branson issued all post-trial pre-evidentiary hearing and all evidentiary hearing procedural orders, made all findings of fact, conclusions of law, report and recommendations

**Ground One Supporting Facts:**

and cannot conduct proceedings in a felony criminal case. The district court cannot adopt
the magistrate Judge's orders, findings of fact, conclusions of law, reports and recommend-
ations because an independant review of the report and recommendation does not cure the
initial jurisdictional defect.

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

(5a)

which were adopted by the district court and used as the basis of it's decision. Magistrate

Judge A. Harry Branson lacks felony criminal jurisdiction and cannot conduct (see page 6a)

   D.      Ground four: Ninth Circuit Court of Appeals decision, 263 F.3d 1034, August 31, 2001, is grounded on a manifest mistake and is void for lack of magistrate judge jurisdiction, which deprives the appellate court of jurisdiction.

        Supporting FACTS (state *briefly* without citing cases or law) Grounds One thru Three are hereby incorp-

ated by reference as if fully restated and reiterated herein. All district court proceedings

in the instant case, begining with December 19, 1996, thru the present date were either

conducted by Magistrate Judge A. Harry Branson, or were based upon Magistrate Judge A. Harry

Bransons orders, findings of fact, conclusions of law, reports and recommendations,which

were issued or made without jurisdiction, and are a legal nullity. All decisions rooted on

a legal nullity are also a legal nullity. The Appeals Court lacked appellate jurisdiction

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: None of grounds One thru Four were previously presented

due to incompetent and ineffective assistance of counsel, magistrate judge interference and

Appeals Court decisions based on manifest mistake during earlier proceedings.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐     No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a) At preliminary hearing  Kevin McCoy and John Salemi, Federal Public Defender Office, 550 W.

        Seventh Ave., Suite 1600, Anchorage, Alaska 99501

    (b) At arraignment and plea  Same as above

    (c) At trial  Same as above

    (d) At sentencing  Same as above

Ground Three supporting Facts:

proceedings in a felony criminal case. The district court cannot adopt the magistrate judge's orders, findings of fact, conclusions of law, report and recommendation and base it's decision upon them because an independent review of the report and recommendation does not cure the initial jurisdictional defect, and the decision is a legal nullity.

Ground Five: Motion under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a
   Person in Federal Custody is void because of Magistrate Judge interference without
   jurisdiction.

Supporting Facts: On September 9, 2003, Defendant timely filed a Motion under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Such a motion is a continuation of and a further step in Defendant's criminal case. On September 17, 2003, Judge John W. Sedwick issued an order, see Docket No. 261, that at page 4, No. 9 provides:

> This case is referred to magistrate Branson to hear and decide all procedural
> or discovery motions and other pretrial matters, and to gice the Court his report
> and recommendation, under Magistrate Rules 4, 5, and 11.

First, Magistrate Judge A. Harry Branson does not have felony criminal jurisdiction, and can only exercise misdemeanor criminal jurisdiction with express consent of a misdemeanor criminal defendant in writing or orally on the record. Second, ,agistrate Judge A. Harry Branson cannot conduct any proceedings related to a felony criminal offense. Third, a magistrate judge cannot issue procedural or discovery orders, make findings of fact, conclusions of law or make reports and recommendations related to felony criminal offenses. Fourth, because Magistrate Judge A. Harry Branson lacks felony criminal jurisdiction, any order issued, finding of fact, conclusion of law, report and recommendation made in the instant case by Magistrate Judge A. Harry Branson is a legal nullity. Fifth, because Magistrate Judge A. Harry Branson **lacks jurisdiction to conduct any proceeding in a felony criminal case, and his orders, findings of fact, report and recommendations are a legal,** they do not legally exist and cannot be adopted by the district court and a decision based on them. An independent review of the report and recommendation does not cure the jurisdictional defect and elevate Magistrate Judge A. Harry Branson to the status of an Article

III. Judge. The district court order dismissing Defendant's § 2255 motion is based on
Magistrate Judge A. Harry Branson's report and recommentation which is a legal
nullity. The district court's dismissal of Defendant's § 2255 motion based on a legal
nullity is also a legal nullity. Defendant's motion to amend his § 2255 motion to cure
pleading deficiencies should have been granted instead of being dismissed based on
district court's original dismissal, which is a legal nullity.

**Ground Six:**  18 U.S.C. § 848 prohibits federal prosecutors from using 18 U.S.C. §
844(i) to preempt the State of Alaska ongoing criminal prosecution based on the same
subject matter. unless there is a direct and positive conflict

**Supporting facts:**  Grounds ONe thru Five are hereby incorporated by reference as if
fully restated and reiterated herein. On March 3. 1994, Defendant was arrested for
and by agents of the State of  Alaska in the State of Washington and accused of
building a bomb, placing the bomb in Robert Dawson's pickup truck, detonating the
bomb which destroyed the pickup truck (truck) and killed Robert Dawson. On December
19, 1996, after Defendant had undergone more than thirty-four months of continuous
incarceration on the Alaska charges, enduring the State of Alaska's criminal prosec-
ution, because Defendant was prevailing in state court, federal prosecutors charged
Defendant under 18 U.S.C. § 844(i), with building a bomb, placing the bomb in Reoert
Dawson's truck, detonating the bomb which destroyed the truck and killed Robert
Dawson. 18 U.S.C. § 848 provides:

> No provision of this chapter [18 U.S.C.§§ 841 et seq.] shall be
> construed as indicating an intent on the part of the Congress to occupy
> the field in which such provision operates to the exclusion of the law of
> any State on the same subject matter, unless there is a direct and positive
> conflict between such provision and the law of the State so that the two
> cannot be reconciled or consistently stand together.

Congress' express disclaimer of preemption set out in 18 U.S.C. § 848 manifested it's
intent not to preempt state laws. The State of Alaska's prosecution was ongoing for
more than thirty-four months. Exhibits "A" and "B" show that the intent of the
federal prosecution was to immediately preempt the State of Alaska criminal prosecu-

tion and prevent any further litigation in that case. On January 30, 1997, the State

of Alaska criminal prosecution was dismissed without prejudice because of the federal

prosecution, see Exhibit "B".

**Ground Seven**:  18 U.S.C. § 927 prohibits federal prosecutors from using 18 U.S.C. §

924(c)(1) to preempt the State of Alaska ongoing criminal prosecution based on

the same subject matter

**Supporting Facts**:  Grounds ONe thru Seven are hereby incorporated by reference as if

fully restated and reiterated herein. Defendant was charged under 18 U.S.C.§ 924(c)(1)

with using the bomb to destroy Robert Dawson's truck and kill Robert Dawson. 18 U.S.C.

§ 927 provides:

> No provision of this chapter [18 U.S.C. §§ 921 et seq.] shall be const-
> rued as indicating an intent on the part of the Congress to occupy the
> field in which such provision operates to the exclusion of the law of any
> State on the same subject matter, unless there is a direct and positive
> conflict between such provision and the law of the State so that the two
> cannot be reconciled or consistently stand to gether.

Congress' express disclaimer of preemption set out in 18 U.S.C. § 927 manifested its'

intent not to preempt state laws. The State of Alaska's criminal prosecution for

more than thirty-four months. Exhibits "A" and "B" show that the intent of the

federal prosecution was to immediately and without delay preempt the State of Alaska

criminal prosecution and prevent any further litigation in that case. On January 30,

1997, the Alaska criminal prosecution was dismissed without prejudice because of the

federal prosecution, see Exhibit "B"

**Ground Eight**:  The U.S. Supreme Court holding in **Bartkus v. Illinois**, 359 U.S. 121

(1959) deprives the district court of subject matter jurisdiction.

**Supporting Facts**:  Grounds One thru Seven are hereby incorporated by reference as if

fully restated and reiterated herein. Exhibits "A" and "B" clearly show that the

federal prosecution in the instant case was and is a scheme instigated and initiated

by Alaska (Ak.) District Attorney (D.A.) Kenneth Goldman, to replace and do service

as and for the failed State of Alaska criminal prosecution, and to use the federal

prosecution as a tool to obtain a de facto review of and overturn the Alaska Supreme
Court's holdings of November 22, 1996, through the district court, by relitigating
in district court issues fully litigated and lost in State of Alaska courts by Ak.D.A.
Kenneth Goldman. Exhibit "A" clearly shows this and that U.S. Attorney Robert C. Bundy
was a knowing, intentional and wilful participant in that scheme. This issue has not
previously been litigated by the district court. Magistrate Judge A. Harry Branson
conducted that proceeding,issued the procedural orders, made the findings of fact,
conclusions of law, report and recommendation without jurisdiction, making the
proceeding a legal nullity. The district court cannot base its decision on a legal
nullity.

**Ground Nine:** Defendant's confession was suppressed by the Alaska courts on independent
and adequate state grounds

**Supporting Facts:** Grounds One thru Eight are hereby incorporated by reference as if
fully restated and reiterated herein. The Alaska state courts suppressed Defendant's
confession based on the holding in **Stephan v. State**, 711 P.2d 1156 (Alaska 1985),
which is an independent and adequate state ground. The district court can only inquire
into whether the ground meets the requirements for an independent and adequate state
ground, and if it qualifies, district court is without subject matter jurisdiction
and cannot relitigate the issue.

**Ground Ten:** 28 U.S.C. § 1738, res judicata and the Rooker-Feldman doctrine deprives
the district court of jurisdiction to relitigate issues fully litigated in state
court.

**Supporting Facts:** Grounds One thru Nine are hereby incorporated by reference as if
fully restated and reiterated herein. On June 7, 1995, Alaska Superior Court suppre-
ssed Defendant's confession under the **"Stephan v. State"** rule and the prosecution
appealed the decision. On July7, 1995, the Alaska Court of Appeals upheld the decis-
ion. On August 28, 1995, Alaska Superior Court held that under both Washington state
law and Alaska state law, Defendant's arrest and detention were unlawful and an

unlawful pretext, and additionally that the detention, even if it had been lawful

to begin with, was unlawfully prolonged resulting in a confession that would not

have been otherwise obtained, and suppressed the confession and all evidence that

resulted from the arrest. During the state court proceedings evidence was adduced

showing that no arrest or search warrants were executed during the arrest, detention,

searches and seizures, and that police had refused Defendant's demands for the

warrants. 28 U.S.C. § 1738 in relevant part provides:

> Such Acts, records and judicial proceedings or copies thereof, so
> authenticated, shall have the same full faith and credit in every court
> within the United States and its Territories and Possessions as they have
> by law and usage in the courts of such State, Territory or Possession
> from which they are taken.

The preclusive effects of former litigation are commonly referred to as "res judicata".

Res Judicata is often analyzed to consist of two preclusion concepts: (1) issue

preclusion, and (2) claim preclusion. Issue preclusion refers to the effect of a

judgement foreclosing relitigation of a matter that has been litigated and decided.

This effect is also referred to as direct collateral estoppel. Claim preclusion

refers to the effect of a judgement in foreclosing relitigation of a matter that

never has been litigated, because of a determination that it should have been advanced

in an earlier suit. Claim preclusion therefore encompases the law of merger and bar.

The Rooker-Feldman doctrine prohibits district courts conducting a de facto

review of a state Supreme Court's holding and overturning the state Supreme Court's

holding because district courts lack jurisdiction to review a state Supreme Court

holdings. The only court with constitutional and statutory jurisdiction to review a

state Supreme Court's holding is the U.S. Supreme Court.

**Ground Eleven:**  District court lacks subject matter jurisdiction because the alleged

   "lease" upon which jurisdiction is predicated is a credit sale contract and not

   a lease and there is no federal jurisdiction

**Supporting Facts:**  Grounds One thru Ten are hereby incorporated by reference as if

fully restated and reiterated herein. The Federal "Uniform Commercial
Code" (UCC) § 2A-103(j) in relevant part provides:

> "Lease" means a transfer of the right to possession and use of goods for
> a term in return for consideration, but a sale, including a sale on
> approval or a sale or return, or retention or creation of a security
> interest is not a lease....

The "Truth in Lending Act" § 181(5), codified as 15 U.S.C. § 1667(5)

provides:

> The term "security" and "security interest" means any
> interest in property which secures payment or performance
> of an obligation.

15 U.S.C.§ 1667(1)(Truth in lending Act § 181(1)) provides:

> For purposes of this chapter—(1) The term "consumer lease: means
> a contract in the form of a lease or bailment for the use of personal
> property by a natural person for a period of time exceeding four months,
> and for a total contractural obligation not exceeding $25,000, primarily
> for personal , family, or household purposes, whether or not the lessee
> has the option to purchase or otherwise become the owner of the property
> at the expiration of the lease, except that such term shall not include
> any credit sale as defined in section 103(g)[15 U.S.C. § 1602(g)]. Such
> termdoes not include a lease for agricultural, business, or commercial
> purposes, or to a governmental agency or instrumentality, or to an
> organization.

15 U.S.C. § 1602(g) provides:

> The term "credit sale" refers to any sale in which the seller is a
> creditor. The term includes any contract in the form of a bailment or
> lease if the bailee or lessee contracts to pay as compensation for use a
> sum substantially equivilent to or in excess of the aggregate value of
> the property and services involved and it is agreed that the bailee or
> lessee will become, or for no other or a nominal consideration has the
> option to become, the owner of the property upon full compliance with
> his obligations under the contract.

On its face, the alleged lease shows that it is a credit sale contract
and that with the first payment, Robert Dawson acquired a security
interest in the Pickup truck (truck)(property) and that with each
additional payment Robert Dawson acquired additional security interest
in the property (truck). The Congress has spoken clearly. In Case No.
A96-00108 CR (JWS), the alleged "lease" upon which all federal juris-
diction is based is statutorily defined as a credit sale contract, not

a lease and there is no federal jurisdiction. There never was any federal jurisdiction. The issue of whether the alleged "lease" is a lease or a credit sale has never been determined by the district court. Labels placed on transactions by the parties to a transaction are not determinative.

**Ground Twelve:** Defendant was deprived of due process and equal protection of the laws to transfer Defendant back and forth between federal jurisdiction and State of Alaska jurisdiction during the federal prosecution.

**Supporting Facts:** Grounds One thru Ten are hereby incorporated by reference as if fully restated and reiterated herein. On June 23, 1994, Defendant was extradited from the State of Washington to the State of Alaska under provisions of the Uniform Criminal Extradition Act (UCEA). Under provisions of the UCEA: (1) Defendant is immune from extradition to another jurisdiction on process arising out of the same facts until after the State of Alaska convicts or acquits defendant, releases Defendant and allows reasonable opportunity to return to the State of Washington, (2) Defendant is entitled (a) to have a demand for extradition made in proper form to the Governor of the State of Alaska, (b) to have the Governor of the State of Alaska investigate the demand for extradition, (c) to have the Governor of the State of Alaska decide whether the demand for extradition should be complied with, (d) to have the Governor of the State of Alaska issue and cause to be executed, a Governor's warrant of arrest, (e) to have proper service of process, (f) to have the statutorily mandated pretransfer proceedings. On December 19, 1996, after enduring more than 34 months of continuous incarceration and prosecution on State of Alaska charges, because Defendant was prevailing in State court, federal charges were filed on the same facts, and on December 26, 1996, Defendant was removed to district court for arraignment without any demand for federal custody, without any involvement by the Governor of the State of Alaska,

without any service of process whatsoever, and without any statutorily mandated
pretransfer proceedings, defendant was removed from the jurisdiction of the State
of Alaska to the jurisdiction of the United States District Court in Anchorage,
Alaska, arraigned and immediately returned to the jurisdiction of the State of
Alaska. This unlawful procedure continued throughout the federal criminal trial
proceedings. The only process served on the State of Alaska which relates to the
Defendant is a "Detainer" which in relevant part provides:

> Please accept this Detainer against the above-named subject who is
> currently in your custody.
>
> When the subject is to be released from your custody, please notify
> this office at once so that we may assume custody if necessary....
> ...................................................................
> ...no further action is required except you are requested to give a
> copy of the Detainer to the Prisoner and to acknowledge receipt of this
> Detainer on copies 2 and 3 and return them to this office in the enclosed
> self-addressed envelope.

This Detainer was served upon the State of Alaska on December 26, 1996. Defendant
finally obtained a copy of the Detainer in August, 2006, ten years later. The
Detainer is the only semblence of a request for custody over Defendant.

**Ground Thirteen:** Incompetent and ineffective assistance of counsel at all critical
stages

**Supporting Facts:** Grounds One thru Eleven are hereby incorporated by reference as
if fully restated and reiterated herein. Defendant's pretrial, trial and first
appellate attorneys Assistant Federal Public Defender (AFPD) Kevin McCoy and AFPD
John Salemi ignored and failed to comply with Defendant's specific instruction to
raise the issue in Ground Eleven, submit as exhibits documents now Exhibits "A" and
"B", call as defense witnesses Ak.D.A. Kenneth Goldman, U.S. Attorney Robert C.
Bundy, Alaska Assistant Public Defender (AAPD) Michael Dieni, AAFPD Margi Mock and
Alaska Superior Court Judge Beverly W. Cutler and to the "Bartkus" issue in Ground
Eight, then obtain certified copies of all Alaska State Court proceedings (transcr-
ipts, motions, briefing and exhibits and raise defenses of full faith and credit

under 28 U.S.C. § 1738, res judicata and the Rooker-Feldman doctrine. Defendant provided AFPDs Kevin McCoy and John Salemi with original pages B-! and B-3 of the Anchorage Daily News newspaper for Thursday, December 19, 1996 (Ehibit "A") and the document comprising Exhibit "B" attached hereto. To this date, None of Defendant's attorneys have entered any of the requested documents into evidence as exhibits, and none of the witnesses have been subpoenad and examined under oath. Defendant also provided AFPDs Kevin McCoy and John Salemi with copies of **Michigan v. DeFillippo**, 443 U.S. 31 (1979) and **United States v. Mota**, 982 F.2d 1384 (9th Cir. 1983) and specifically instructed them to obtain (1) a copy of the Washington State Constitution, (2) a copy of the Washington state court rules, and (3) copies of Revised Code of Washington (RCW) titles 9, 10, 11 (Washington Criminal Code) and 46 (Washington Vehicule Code), to show the illegality of police actions during Defendant's arrest, detention, fingerprinting and interrogation. Defendant also pointed out that Alaska State Court records show that no Washington state arrest or search warrant was ever executed. AFPDs Kevin McCoy and John Salemi failed to comply with any of Defendant's specific instructions and waived all Defendant's affirmative defenses in a knowing, intentional and wilful manner. At the prosecution's first mention of a lease and an insurance policy, on or about July 1, 1997, Defendant demanded that AFPDs Kevin McCoy and John Salemi immediately provide Defendant with copies of the documents and research the law on what is a lease and what is not a lease and provide Defendant with copies of that. Nothing Defendant specifically instructed AFPDs Kevin McCoy and John Salemi to do was ever done. Defendant finally received copies of the alleged "lease" and insurance policy in mid January, 1998, seven months after Defendant was convicted, and nothing else. AFPDs Kevin McCoy and John Salemi provided Defendant with a grossly incomplete "partial" sentencing transcript that does not contain any sentencing colloqy. AFPDs Kevin McCoy also ignored Defendant's specific instruction to submit all foresnic fingerprint reports of the fingerprint obtained from the adhesive side of the duct-tape used to construct the bomb that destroyed Robert

Dawson;s truck and kill Mr. Dawson, then subpoena the State of Alaska Fingerprint expert Michael Goetz and elicit testimony from Mr. Goetz about the quality of the fingerprint and about who the fingerprint is proven not to belong to. AFPDs Kevin McCoy and John Salemi failed to comply with that specific instruction. AFPDs Kevin McCoy and John Salemi failed to comply with Defendant's specific instruction to timely provide Defendant with copies of the alleged "lease" and "insurance policy," or to research and provide Defendant with copies of the law on leases (see Ground Eleven, pages 6e-6g), and declined to cross-examine prosecution witness Marc Honse and challenge the label of "lease" placed on the transaction by Mr. Honse. AFPDs Kevin McCoy and Jonh Salemi failed to magistrate Judge A. Harry Branson conducting felony criminal proceedings without jurisdiction. On December 18, 1998, after insuring that they have waived all of Defendant's affirmative defenses on appeal, AFPDs Kevin McCoy and John Salemi submitted a motion for leave to withdraw. On December 21, 1998, the court granted the motion for leave to withdraw. On January 6, 1999, the court appointed attorney Joseph P. Josephson (Josephson) to replace AFPDs Kevin McCoy and John Salemi. Attorney Josephson failed to consult with Defendant, went off on his own tangent, failed to a magistrate judge conducting felony criminal proceedings without jurisdiction, waived all of defendant's rights for certiorari. As soon as Defendant discovered what attorney Josephson had done, Defendant specifically instructed attorney Josephson to inform the courts of what he has done and to withdraw from the case. Attorney Josephson has failed to inform the courts to this date and continued to pretend to represent Defendant until June 3, 1999. On May 18, 1999, Judge John W. Sedwick referred the case to Magistrate Judge A. Harry Branson to conduct a felony criminal evidentiary hearing without jurisdiction. On June 3, 1999, attorney Josephson withdrew from the case. On June 18, 1999, attorney James A. Wendt (Wendt) was appointed to replace attorney Josephson. On June 18, 1999, Defendant telephonically contacted attorney Wendt and requested a face-to-face attorney-client conference. Attorney Wendt refused to confer with Defendant. The only other oral

communication between Defendant and attorney Wendt are those appearing as part of the transcript of the evidentiary hearing conducted by Magistrate Judge A. Harry Branson without jurisdiction. Attorney James A Wendt failed to object to a magistrate judge conducting felony criminal proceedings without jurisdiction. The exact date attorney Wendt withdrew from the case and attorney John C. Pharr was appointed to replace attorney Wendt is presently unknown to Defendant. Attorney John C. Pharr failed to confer with Defendant in a meaningful manner, lacked any meaningful knowledge of the issues Defendant wanted raised, failed to raise the issue of ineffective assistance of counsel at all preceeding stages, failed to object to a magistrate judge conducting felony criminal proceedings without jurisdiction, eviscerated Defendant's defenses  by failing to raise meritorious issues, eviscerated Defendant's briefing by ommiting words and phrases, changing or ommitting emphasis, capitolization, and punctuation, repeated himself in his briefing almost as if he were stuttering.

(6k)

AO 243 (Rev. 2/95)

(e) On appeal (1) same as above; (2) Joseph Josephson, 750 W. 2nd Ave, Suite 215, Anchorage, Alaska 99501; (3) John C. Pharr, 733 W. 4th Ave. suite 308, Anchorage, Alaska

(f) In any post—conviction proceeding  (evidentiary hearing [void:lack of Mag. Judge jurisdiction]) James Allen Wendt, 425 G Street, Suite 600, Anchorage, Alaska 99501

(g) On appeal from any adverse ruling in a post—conviction proceeding  N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒          No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐          No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future:  N/A

(b) Give date and length of the above sentence:  N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐          No ☐    N/A

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

December 7, 2005
(Date)

Ronald Earl Seigler
Signature of Movant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached Judicial Notice of Amendment...." and Amended 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence...." was mailed, first class, U.S. Mail, to the United States Attorney at 222 West 7th Ave, Mail Box 9, Room 253, Anchorage, Alaska 99513, on December 7, 2005.

*Ronald Earl Geiger*
Ronald Earl Geiger