

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD EARL GEIGER,<br><br>Defendant. | Case No. A96-0108 CR (JWS)<br><br>ORDER DENYING MOTION |

On November 21, 2005, a motion to "void judgment for lack of magistrate judge jurisdiction," under Federal Rule of Civil Procedure 60(b), was filed by Ronald Earl Geiger.[1] Mr. Geiger previously filed a § 2255 motion in this Court, which was denied on July 10, 2003.[2] Mr. Geiger now claims that, under Fifth Circuit law,[3] the magistrate judge assigned to review his § 2255 motion, did "not have jurisdiction to make findings of fact and conclusions of law or make a report or recommendation."[4]

---

[1] See Docket No. 328.

[2] See Docket No. 308.

[3] See United States v. Johnson, 258 F.3d 361 (5th Cir. 2001).

[4] See Docket No. 328 at 3.

T:\Orders.05\2255\geiger 60b deny.wpd

329

Mr. Geiger is incorrect. The case he cites holds that "the **consensual delegation** of [§ 2255] motions to magistrate judges violates Article III of the Constitution."[5] The Court explained that "if a magistrate judge were unable to do felony sentencings, then it would be odd for such a judge to have the power under § 2255 to resentence or to even vacate a prior sentence resulting from a felony conviction, [which could give the] impression that magistrate judges are not adjuncts, but are independent of Article III control. The Supreme Court and our sister courts have consistently asserted that the ability of Article III district courts to control and review a magistrate judge's decision provides compelling support for the constitutionality of increased magistrate judge participation in the federal court system."[6] And this is exactly what occurred in Mr. Geiger's case, where the district court judge was able to "control and review a magistrate judge's decision."[7] This is,

---

[5] *U.S. v. Johnson*, 258 F.3d at 363 (emphasis added).

[6] *Id.* at 370-71.

[7] *See* Docket No. 308; *see also United States v. McClain*, 133 F.3d 1191, 1192 (9th Cir. 1998) ("McClain's petition was referred to a magistrate judge who recommended that McClain's motion be granted and that he be released. ... The district court adopted the magistrate's recommendation and released McClain from custody. ... A district court's decision on a § 2255 motion is reviewed de novo."); *United States v. Villa-Gonzalez*, 208 F.3d 1160, 1163 (9th Cir. 2000) ("The magistrate judge recommended that the district court grant Villa-Gonzalez's motion for reconsideration, but that the court deny the section 2255 motion itself because it failed to meet the statutory requirements for a second or successive motion. The district court subsequently adopted the magistrate's report and recommendation, and denied the motion for failure to meet the statutory requirements. Villa-Gonzalez timely filed a notice of appeal.").

of course, different than the case in which "a magistrate judge were allowed to enter a final order in a consensual § 2255 proceeding, [which] order would not be reviewable by the district court."[8]

Furthermore, a motion under Rule 60(b)(4) must be "made within a reasonable time," which was not done in this case, over two years after the denial of his motion under § 2255.

**IT IS HEREBY ORDERED:**

Mr. Geiger's motion, at docket number 328, is DENIED.

DATED this 13th day of December, 2005, at Anchorage, Alaska.

JOHN W. SEDWICK
United States District Judge

A96-0108--CR (JWS)    12-13-05
R. GEIGER
S. SKROCKI (US ATTY)
PSLC

---

[8] *Johnson*, 258 F. 3d at 371.

T:\Orders.05\2255\geiger 60b deny.wpd   3   ORDER