**FILED**

DEC 2 9 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

By_____

_____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>RONALD EARL GEIGER,<br><br>      Defendant. | Case No. A96-0108 CR (JWS)<br><br>ORDER DENYING<br>MOTION TO AMEND |

On December 12, 2005, Ronald Earl Geiger filed a document he has titled

"Judicial Notice of Amendment of 28 U.S.C. § 2255 motion pursuant to Rule 15 &

Rule 12(b)(1)."[1]   This appears to be more in a series of attempts to avoid the

successive petition rules which require Mr. Geiger to seek permission from the Court

of Appeals for the Ninth Circuit before filing another motion under 28 U.S.C. § 2255

in this Court.[2]   And again, Mr. Geiger has challenged the ability of the Magistrate

---

[1]   Docket No. 328A.

[2]   Mr. Geiger previously filed a § 2255 motion in this Court, which
was denied on July 10, 2003. *See* Docket No. 308; *see also* Docket
Nos. 177, 178, 206, 248, 249, 258, 260, 305, 308, 309, 314, 324.

*330*

Judge to make findings of fact and conclusions of law or make a report or recommendation.[3] The Court has already addressed that issue, and denied Mr. Geiger's motion to "void judgment for lack of magistrate judge jurisdiction,"[4] and the Court will not revisit the issue again.

Mr. Geiger is reminded that, under 28 U.S.C. § 2244(a):

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Section 2255 explains that:

> A second or successive petition or motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to

---

[3] *See* Docket Nos. 328, 328A.

[4] See Docket No. 329 at 2 ("'if a magistrate judge were unable to do felony sentencings, then it would be odd for such a judge to have the power under § 2255 to resentence or to even vacate a prior sentence resulting from a felony conviction, [which could give the] impression that magistrate judges are not adjuncts, but are independent of Article III control.   The Supreme Court and our sister courts have consistently asserted that the ability of Article III district courts to control and review a magistrate judge's decision provides compelling support for the constitutionality of increased magistrate judge participation in the federal court system.'  And this is exactly what occurred in Mr. Geiger's case, where the district court judge was able to 'control and review a magistrate judge's decision.'") (quoting from the case Mr. Geiger relied upon, *United States v. Johnson*, 258 F.3d 361, 363 (5th Cir. 2001)).

establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Under 28 U.S.C. §§ 2244(a) and 2255, the Court may not consider a successive § 2255 motion, without first receiving authorization from the Court of Appeals for the Ninth Circuit. Therefore, Mr. Geiger must first seek permission from the Court of Appeals for the Ninth Circuit.

**IT IS HEREBY ORDERED** that:

Mr. Geiger's motion, at docket number 328A, is DISMISSED without prejudice to filing a motion under 28 U.S.C. § 2255 with the permission of the Court of Appeals for the Ninth Circuit.

DATED this 29th day of December, 2005, at Anchorage, Alaska.

JOHN W. SEDWICK
United States District Judge

A96-0108--CR (JWS)    12-29-05

└ R. GEIGER
╱S. SKROCKI (US ATTY)
╱APPEALS CLERK
└ PSLC