Ronald Earl Geiger
c/o Prisoner No. 13282-006
U.S. Penitentiary Victorville
P.O. Box 5500
Adelanto, California 92301



RECEIVED
JUL 24 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

## UNITED STATES DISTRICT COURT

### DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>**RONALD EARL GEIGER.**<br><br>    Defendant. | D.C. No. CR-A96-0108-JWS (AHB)(JDR)<br><br>NOTICE OF APPEAL<br><br><br>Judge: John W. Sedwick |

### NOTICE OF APPEAL

**COMES NOW:** Ronald Earl Geiger, the "Defendant" in the above captioned action, and gives this Court Notice of Defendant's appeal of the District Judge's recharacterization and denial of Defendant's Federal Rules of Civil Procedure 12(b)(1), 12(h)(3) and 60(b)(4) motion directly and factually attacking subject-matter jurisdiction, and construing it as a second or successive motion for relief under 28 U.S.C. § 2255, in order to avoid examining the Court's jurisdction and proving the existence of jurisdiction. Defendant's Federal Rules of Civil Procedure (FRCP) 12(b)(1), 12(h)(3) and 60(b)(4) attacks only the District Court's subject-matter jurisdiction to adjudicate the cause, and does not attack the conviction and sentence. This appeal presents the following questions:

### QUESTIONS PRESENTED

1. Does a Federal appellate court have a special obligation/duty to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, and to insure that the district court's jurisdiction defined and limited by statute is not exceeded?

2. Is a FRCP 12(b)(1), 12(h)(3) and 60(b)(4) motion attacking only the subject-matter of the court to adjudicate the cause, a direct, factual attack on the court's jurisdiction to entertain the cause, or is it a collateral attack on the conviction and/or sentence ?

3. Does a district court have the authority to avoid examining and proving its jurisdiction, by recharacterizing a FRCP 12(B)(1), 12(h)(3) and 60(b)(4) motion attacking subject-matter jurisdiction, as a second or successive motion seeking relief under 28 U.S.C. § 2255 and deny the motion ?

4. Does a district court have the burden of proving its jurisdiction, once the court's subject-matter jurisdiction is questioned ?

5. Is a claim of lack of subject-matter jurisdiction barred by laches or principles of estoppel ?

6. Is an attack upon a magistrate judge's authority an attack upon the magistrate judge's subject-matter jurisdiction ?

7. If a magistrate judge fails to comply with 18 U.S.C. § 3401(b) and the Federal Rules of Criminal Procedure, and fails to obtain the criminal defendant's specific waiver of rights and express written or oral consent to trial, judgement, and sentencing by a magistrate judge, does a magistrate judge have authority to conduct felony criminal pretrial procedural and discovery motions and all other pretrial matters and a felony criminal evidentiary hearing ?

8. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (d), FRCP 72(b) and 73(b), and the special rules relating to Section 2255 proceedings in Title 28 United States Code, without the petitioner's consent, does a magistrate judge have authority to hear and decide all procedural and discovery motions and all other pretrial matters ?

9. Does/did the District Court have subject-matter jurisdiction over the instant case ?

Respectfully Submitted,

Date: July ____, 2006

*Ronald Earl Geiger*
Ronald Earl Geiger